# GLEICH, SIEGEL & FARKAS LLP

ATTORNEYS AT LAW
36 SOUTH STATION PLAZA
GREAT NECK, NEW YORK 11021-3531
—
TEL. (516) 482-4436
FAX (516) 482-8916

STEPHAN B. GLEICH  
JANE COHEN SIEGEL  
JONATHAN H. FREIBERGER  
—
LARA P. EMOUNA  
GABRIEL A. LEVENTHAL

OF COUNSEL  
LAWRENCE W. FARKAS

**VIA FEDERAL EXPRESS**

January 21, 2014

Hon. Stuart M. Bernstein
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, NY 10004-1408

Re:    **In re: East 81st LLC, Debtor Chapter 11 Case No. 13-13685 (SMB)**

Dear Judge Bernstein:

  We represent Petermark II, LLC ("Petermark"), a secured creditor in the above-referenced case.

  Pursuant to your Honor's directives, after the hearing on January 9, 2014, we filed a "Notice of Settlement of Proposed Interim Order Directing Debtor To Pay Adequate Assurance Payments to Petermark II, LLC" for settlement on January 22, 2014 (Docket No. 32; a Chamber's Copy was provided). Today, the debtor filed an "objection" (a letter dated January 21, 2014) with a proposed counter-order (Docket No. 35), objecting to Petermark's proposed order including continued monthly payments to Petermark and providing for payment of current taxes.

  This letter will respond to the "objection" (letter) filed by the Debtor regarding settlement of the proposed order/ counter-order on January 22, 2014.

  We believe the Court's directive was that Petermark is entitled to continued payments from the Debtor, either pending a determination of Petermark's pending motion (to dismiss/convert, or for relief from stay), or until the Debtor files a plan, pursuant to Bankruptcy Code § 362(d)(3)(B), requiring "monthly payments" by a single-asset real estate debtor. See, for example, Transcript at page 34 where the Court states, " . . . and if they

Hon. Stuart M. Bernstein
January 21, 2014
Page 2

don't start paying interest within 90 days, they're – you know, that's it. . . . "; and see also, pages 37-39, including Debtor's counsel's statement that: "So Petermark is going to get its adequate assurance payments starting February 10 [emphasis supplied]," not just a single payment as now urged by Debtor's counsel.[1]  Similarly, the Court's discussion indicated that for Petermark's protection, real estate taxes should be kept current (see Transcript, pages 12 and 25).  (A copy of the Transcript is enclosed for the Court's reference.)

Accordingly, in the proposed order we provided for continued payments until further order of the Court, and for Debtor's payment of post-petition (current) taxes.

A copy of this letter is being e-filed, the original will serve as the Chambers' copy.

Very truly yours,

/s/ Lara P. Emouna
LARA P. EMOUNA
GLEICH, SIEGEL & FARKAS LLP
Attorneys for PETERMARK II, LLC
36 South Station Plaza
Great Neck, New York 11021
(516) 482-4436

Enclosure

---

[1]   At pages 55-58, the Court directed payment on or before January 17, 2014, instead of February 10th, as proposed by the Debtor.